**In The United States Bankruptcy Court**
**For The Eastern District of Pennsylvania**

| | |
|---|---|
| IN RE: | : Chapter 13 |
| | : Case No. 16-10938-ELF |
| HOWARD HELLER | : Consent Order Settling |
| and KATHLEEN HELLER | : Capital One Auto Finance, A Division |
| | : of Capital One N.A.'s |
| | : Motion For Relief From The Automatic |
| | : Stay Pursuant To 11 U.S.C. § 362 |
| Debtors | : |

AND NOW, this 22nd day of September, 2016, this matter having come before this Court upon application of *Capital One Auto Finance, a Division of Capital One N.A.'s* (hereinafter referred to as *"COAF"*), a secured creditor of the above-named Debtors, by its counsel, for relief from the automatic stay pursuant to 11 U.S.C. § 362;

AND it appearing that Debtors, *Howard Heller and Kathleen Heller*, through Debtors' attorney, *Brad J. Sadek, Esquire,* have reached an agreement with regard to said Motion for Relief regarding a *2011 Honda Civic- 4 Cyl. Sedan 4D EX, V.I.N. 19XFA1F85BE027201* (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that the Debtors are indebted to *COAF* on a loan which enabled the Debtors to purchase said Vehicle, which loan terms are set forth in the Retail Installment Sale Contract (the "Contract"); and

It appearing that *COAF* is the holder of a secured claim against the Debtors and;

It appearing that the Debtors are in arrears post-petition in the amount of *$2,338.64* as of September 19, 2016;

It appearing that the Debtors and *COAF* have reached an agreement to cure said post-petition arrears, the Debtors agree to make an immediate payment of $1,500.00 and the Debtors further agree to pay $139.78 of the current arrears monthly **beginning October 14, 2016** for the next **six** (6) months (with payments due on the fourteenth of each month) to cure said arrears, while making regular monthly post-petition payments ($389.08 per the Contract) due under the Contract beginning with the **October 14, 2016** payment **for a total monthly payment from October 14, 2016 through March 14, 2017 of *$528.86*,** wherefore,

It is hereby **ORDERED** that if Debtors shall fail to make their regular monthly payment (or any portion thereof) or fail to make payment toward the curing of the arrears as set forth or fail to continue to maintain required insurance coverage and Debtors fail to cure said default within ten (10) days after notice by *COAF* (or its counsel) of said default, counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law. The Debtors shall be allowed to default and cure such default under this Consent Order one (1) time. Should the Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362).

It is **FURTHER ORDERED** that the Debtors shall file an amended Chapter 13 plan to include payment of pre-petition arrears per movant's proof of claim in the amount of **$389.08**.

It is **FURTHER ORDERED** that in the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph then *COAF*, through Counsel, may file a certification setting forth said failure and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

The failure by *COAF*, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of *COAF's* rights hereunder.

This Order is a supplement and in addition to the Contract and not in lieu thereof.

Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

_____
Eric L. Frank
CHIEF U.S. BANKRUPTCY JUDGE

Arrears:         $1,862.64
Counsel Fees:    $ 476.00
**Total:**       **$2,338.64**

**Creditor: Capital One Auto Finance,
A Division of Capital One N.A.**
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

DATED: 9/20/16

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtors: Howard Heller and Katherine Heller**

By Counsel for Debtors: Brad J. Sadek, Esquire

By: _/s/_
Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
(215) 545-0008

DATED: 9/20/16